·GEORGE ABEEL AND OTHERS, APPELLANTS, *v.* JOHN J. ANDERSON.

JAMES S. ALLEN, ASSIGNEE OF JOHN J. ANDERSON, RESPONDENT.

*Lien under an execution — when it does not attach until a levy is made.*

·The plaintiff recovered a judgment against the defendant and issued an execution thereon on October 1, 1884. On October eighth the defendant made a general assignment for the benefit of creditors to one Allen. Prior to the execution of the assignment the sheriff had made a demand for payment but had made no levy. Thereafter the execution was returned unsatisfied, and in supplementary proceedings instituted by the plaintiff a receiver of the property of the defendant was appointed.

*Held,* that the plaintiff had no lien upon the property of the defendant at the time of the assignment, and that a motion to compel the assignee to pay the .amount of the judgment from the assigned property was properly denied.

APPEAL from an order made at a Special Term denying a motion ·to compel James S. Allen, as assignee of the defendant John J. Anderson, to pay the plaintiffs' judgment recovered against Anderson.

*E. S. Hatch,* for the appellants.

*D. Nicoll,* for the respondent.

DAVIS, P. J.:

The plaintiffs in this action recovered their judgment against the ·defendant John J. Anderson, and issued execution thereon on the 1st of October, 1884. On the 8th of October, 1884, the defendant ·made a general assignment for the benefit of creditors to James L. Allen, the respondent on this appeal. The plaintiffs claim that ·their judgment and execution was a lien upon the property of the

defendant prior to such general assignment. No levy had been made of the execution before the assignment, but a demand for payment of the execution was made by the sheriff prior to the making of the assignment, and thereafter the execution was returned unsatisfied. Proceedings supplementary to execution were had, and one Henry A. Wheeler was appointed receiver of the property of the defendant. The receiver duly qualified.

The question presented is whether the demand made by the sheriff of payment of the execution operated to give him such a lien upon the property of the defendant as entitles the plaintiffs to the remedy they now seek. The court below held that no lien was acquired.

Section 1405 of the Code of Civil Procedure provides that the goods and chattels of the judgment debtor situated within the jurisdiction of the officer, are bound by the execution from the time of its delivery to the officer to be executed.

This relates, however, to only such property as can be levied upon and sold by the sheriff, and there must be an actual levy during the life of the execution, otherwise the lien of the execution is lost. (*Hathaway* v. *Howell,* 54 N. Y., 97; *Walker* v. *Henry,* 85 id., 134.) In this case there was no lien upon any property. The execution was returned unsatisfied, and a receiver in supplementary proceedings was thereafter appointed, who duly qualified. If Allen, the assignee of the judgment debtor, did not take title to the assigned property, then the receiver appointed in the supplementary proceedings was vested with such title. But the validity of the assignment in this case is not attacked. It is simply asserted that the judgment and execution and the demand of payment made upon the defendant under the execution in its lifetime created a lien which can be enforced under sections 2436, 2447 of the Code.

We are of opinion, as was the court at Special Term, that no such lien was created by the demand, and that the title of the assigned property vested in the assignee Allen, and so far as any facts are developed in this case, can only be reached and affected by the plaintiffs as judgment creditors by an action begun either by themselves or the receiver to set aside the assignment upon grounds affecting its validity.

But whatever may be the remedy that exists, it is quite clear to

us that under the provisions of the Code the court had no power to order the application of the property, or its proceeds in the hands of the assignee, upon the judgment of the plaintiffs for its payment.

The order should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.